UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EXHIBITION HUB US HOLDING LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>VINCENT VAN GOGH CAFÉ, LLC,<br><br>*Defendant*. | Civil Action No.: 2:24-cv-988<br><br>**COMPLAINT**<br><br><u>**JURY TRIAL DEMANDED**</u> |

Plaintiff Exhibition Hub US Holding LLC ("Plaintiff" or "Exhibition Hub") by its undersigned counsel, Leason Ellis LLP, brings this action against Defendant Vincent Van Gogh Café, LLC ("Defendant" or the "Van Gogh Café") and alleges as follows.

## NATURE OF THE ACTION

1. This is an action seeking a declaration that Plaintiff Exhibition Hub has not engaged in any acts constituting a violation of Defendant's purported rights in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, or New York law.

## PARTIES

2. Plaintiff Exhibition Hub is a Delaware limited liability company with its principal place of business in Atlanta, Georgia. Exhibition Hub produces large interactive art exhibitions across the U.S. and globally in museums, exhibition centers, galleries, shopping malls, historical places, and other locations. Since 2015, Exhibition Hub has produced more than 70 exhibitions across the world, reaching more than 6 million visitors, including but not limited to, *Van Gogh: The Immersive Experience*, a global touring exhibition since 2017 featuring an immersive digital art experience involving the works of Vincent Van Gogh.

3. Defendant Van Gogh Café is a New York limited liability company with its principal place of business in Miami, Florida. Van Gogh Café operates a single-location brick-

and-mortar café in Miami, Florida, serving tea, coffee, and the like, as well as a retail website on the Internet selling tea, coffee, and related merchandise. According to the public records of the New York Department of State Division of Corporations, Defendant Van Gogh Café maintains a business address in Smithtown, New York, in Suffolk County.

## JURISDICTION AND VENUE

4. This action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

6. This Court has personal jurisdiction over Defendant Van Gogh Café pursuant to N.Y. C.P.L.R. § 301 because it is a citizen of New York.

7. Venue is proper under 28 U.S.C. § 1391(b)(1) because Defendant Van Gogh Café resides in this District.

8. Alternatively, venue is also proper under 28 U.S.C. § 1391(b)(2).

## FACTS

9. This justiciable controversy arises in the first instance from a letter Plaintiff received from counsel for Defendant Van Gogh Café, dated February 15, 2023, claiming Plaintiff violated Plaintiff's trademark rights in the mark VINCENT VAN GOGH, U.S. Reg. No. 3,931,277 in International Class 030 for "Beverages made of tea; Black tea; Flavourings of tea; Fruit teas; Green tea; Herb tea; Herbal tea; Iced tea; Japanese green tea; Lime tea; Mixes in the nature of concentrates [, syrups or powders used in the preparation of tea based beverages ] ; Oolong tea; Sage tea; Tea; Tea bags; Tea for infusions; Tea of parched powder of barley with husk (mugi-cha); Tea of salty kelp powder (kombu-cha); Tea pods; Tea substitutes; Tea-based beverages with fruit flavoring; Theine-free tea sweetened with sweeteners" ("Defendant's Mark").

10. As alleged above, Plaintiff is the producer of *Van Gogh: The Immersive Experience* ("Plaintiff's Exhibit"), a global art exhibition touring since 2017 featuring an immersive digital art experience featuring the display of the works of Vincent Van Gogh. Plaintiff's Exhibit has been shown in over 40 cities across the U.S., Europe, and Asia, having attracted over 5 million visitors. It has been hailed as among the 12 best immersive experiences in the world by CNN and as a top immersive art attraction by USA Today.

11. Plaintiff's Exhibit has been at all relevant times a ticketed event taking place in a large art exhibition space. For instance, in New York City, Plaintiff's Exhibit has charged $36.00 for adults and $19.90 for children and has taken place within a 30,000+ square-foot exhibition space having 40-foot-high ceilings.

12. Plaintiff's Exhibit features a gift shop accessible only to ticket-holding guests, where souvenirs and items memorializing a visit to Plaintiff's Exhibit may be purchased.

13. Defendant has alleged that Plaintiff's Exhibit's gift shop at its exhibition in Miami, Florida offered the sale of packaged tea within packaging featuring the phrases "BLOOMING TEA" in conjunction with "VAN GOGH THE IMMERSIVE EXPERIENCE" and Plaintiff's EXHIBITION HUB EDUTAINMENT logo and mark.

14. With the foregoing as Defendant's sole factual basis for its claim, Defendant Van Gogh Café has accused Plaintiff Exhibition Hub of infringing Defendant's rights in Defendant's Mark.

15. Upon information and belief, Defendant has no special, proprietary interest in Vincent Van Gogh's name, likeness, or works beyond any other member of the public. In other words, Defendant is neither heir, assign, nor authorized agent of the Van Gogh family or estate.

16. Defendant's accusation of infringement is without basis because consumers are not likely to be confused into believing Defendant is the source of any of Plaintiff's goods or services.

3

17. Defendant's trademark rights in VINCENT VAN GOGH for tea are weak, in particular because the marketplace for packaged tea featuring the phrase "Van Gogh" is highly diluted with numerous third-party uses of the same.

18. Plaintiff's use of the phrase VAN GOGH THE IMMERSIVE EXPERIENCE in connection with tea featuring the prominent display of Plaintiff's EXHIBITION HUB EDUTAINMENT logo and mark is dissimilar in overall appearance, sound, and commercial impression from Defendant's use of the phrase VINCENT VAN GOGH in connection with tea. Below is a side-by-side comparison.



| Plaintiff's use | Defendant's use |
| --- | --- |

19. In particular, the only shared element within both parties' language on their packaging is the phrase "VAN GOGH." Plaintiff does not use Defendant's complete mark, VINCENT VAN GOGH, in connection with tea. Instead, Plaintiff uses the phrase VAN GOGH in conjunction with two additional distinguishing phrases: THE IMMERSIVE EXPERIENCE, an express reference to Plaintiff's Exhibit; and EXHIBITION HUB EDUTAINMENT, along with Plaintiff's logo, an express reference to the producer of Plaintiff's Exhibit and accordingly the tea.

4

In other words, Plaintiff does not use Defendant's Mark, merely partial, individualized elements of it accompanied by two express references to Defendant being the source of the product. Accordingly, the likelihood of consumers being confused as to its source is unlikely.

20. Plaintiff's product features Vincent Van Gogh's work, *Flowering Plum Orchard*. The use of that work in conjunction with blooming tea (*i.e.*, tea that uses dried flowers to produce a floral bulb that unfurls as boiling water is poured over it, mimicking a blooming flower) reflects Plaintiff's intention to have the product commemorate the visually artistic and multi-sensory experience guests encounter within Plaintiff's Exhibit.

21. Defendant's product, on the other hand, features a self-portrait of Vincent Van Gogh. The use of the self-portrait and the phrase VAN GOGH in connection with tea is otherwise arbitrary.

22. Plaintiff's use of the phrase VAN GOGH THE IMMERSIVE EXPERIENCE and its EXHIBITION HUB EDUTAINMENT mark and logo clearly reflect a lack of intent by Plaintiff to trade upon Defendant's goodwill.

23. Plaintiff's product and Defendant's tea are not offered within the same channels of trade.

24. Defendant's tea is offered for sale at its single brick-and-mortar café in Miami, Florida or directly to consumers on the Internet, neither of which requires anyone to pay a fee to have the opportunity to purchase said tea.

25. Plaintiff's tea has only been offered for sale within the ticketed area of Plaintiff's Exhibit, accessible only to ticket holders attending Plaintiff's Exhibit in person, and it has not been sold on the Internet.

26. Potential purchasers of Plaintiff's tea are likely to exercise a greater degree of care as compared to purchasers of Defendant's tea, because purchasers of Plaintiff's tea are

5

encountering the product as part of an art exhibition experience already costing upwards of $36 per adult, whereas purchasers of Defendant's tea encounter no such barrier to entry and can purchase Defendant's tea as part of a window-shopping experience.

27. Plaintiff's customers differ from Defendant's customers. Plaintiff's customers only encounter Plaintiff's tea product as an incidental consequence of seeking to view Plaintiff's Exhibit. Defendant's customers encounter Defendant's tea product when seeking to purchase tea specifically.

28. Since Defendant first contacted Plaintiff, Plaintiff has consistently maintained and communicated to Defendant that it does not believe Defendant possesses an actionable claim.

29. Defendant has responded by continuing to advocate for the merit of its supposed trademark claims and offering to license Defendant's Mark to Plaintiff under unreasonable terms. In particular, Defendant's proposed license is wholly untethered to the reasonable value of a meritorious claim, even assuming Defendant had one, which it does not.

30. During a period between September 2023 and January 2024, Defendant did not engage Plaintiff in any correspondence, and Plaintiff considered the matter concluded.

31. However, Defendant contacted Plaintiff in January 2024 renewing its demand that Plaintiff respond to Defendant's above-referenced offer to license Defendant's Mark to Plaintiff under unreasonable terms.

32. Last week, Defendant escalated matters by demanding disclosure of Plaintiff's confidential sales information, tantamount to seeking discovery from Plaintiff pursuant to Rule 34 of the Federal Rules of Civil Procedure.

33. Plaintiff reasonably interprets Defendant's actions as communicating Defendant's intention of persisting in pressing its unmeritorious claim until it extracts a payment from Plaintiff,

if not via settlement, then by an unlikely judgment, despite Plaintiff repeatedly and definitively rejecting Defendant's settlement demands as unreasonable.

34. Given the parties are currently at an impasse with respect to any efforts to settle this matter, and further given Defendant consequently intends to escalate its pursuit of its trademark claims against Plaintiff, a justiciable controversy exists between Plaintiff and Defendant as to whether Plaintiff's conduct constitutes trademark infringement or unfair competition under the Lanham Act or New York law.

35. In view of Defendant's threats and allegations, Plaintiff needs and is entitled to a judicial declaration that Plaintiff's conduct does not infringe Defendant's alleged trademark rights in Defendant's Mark or constitute unfair competition under New York law. Absent a declaration to this effect, Defendant will continue to wrongfully allege that Plaintiff has infringed Defendant's alleged trademark rights, thereby causing Plaintiff irreparable injury and damage.

## FIRST CLAIM FOR RELIEF
**Declaratory Judgment of No Trademark Infringement**

36. Plaintiff repeats and incorporates by reference its allegations in the preceding paragraphs as if set forth fully herein.

37. As a result of the acts described above, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Plaintiff has not infringed and is not infringing Defendant's alleged trademark rights in U.S. Trademark Reg. No. 3,931,277 for VINCENT VAN GOGH in International Class 030.

38. A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its right to continue to act in the manner set out in this Complaint.

39. Plaintiff is entitled to a declaratory judgment that Plaintiff's acts alleged herein are not likely to cause consumer confusion and does not infringe, either directly or indirectly, any trademark rights of Defendant under 15 U.S.C. § 1114(1) or 15 U.S.C. § 1125(a).

40.     Defendant's threats and allegations are so unreasonable so as to constitute an exceptional case, and accordingly, Plaintiff is entitled to its reasonable attorneys' fees and costs of the action under 15 U.S.C. § 1117, together with prejudgment and post-judgment interest.

## SECOND CLAIM FOR RELIEF
### Declaratory Judgment of No Unfair Competition

41.     Plaintiff repeats and incorporates by reference its allegations in the preceding paragraphs as if set forth fully herein.

42.     As a result of the acts described above, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Plaintiff has not engaged in any acts constituting unfair competition with respect to Defendant's alleged trademark rights in U.S. Trademark Reg. No. 3,931,277 for VINCENT VAN GOGH in International Class 030.

43.     A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its right to continue to act in the manner set out in this Complaint.

44.     Plaintiff has undertaken its acts as alleged herein in good faith.

45.     Plaintiff is entitled to a declaratory judgment that Plaintiff's acts alleged herein do not constitute unfair competition pursuant to 15 U.S.C. § 1125(a) or New York law.

46.     Defendant's threats and allegations are so unreasonable so as to constitute an exceptional case, and accordingly, Plaintiff is entitled to its reasonable attorneys' fees and costs of the action under 15 U.S.C. § 1117 or New York law, as may be the case, together with prejudgment and post-judgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Exhibition Hub prays for judgment against Defendant Van Gogh Café as follows:

(a) Adjudging that Plaintiff has not infringed and is not infringing, either directly or indirectly, any valid and enforceable trademark rights of Defendant under 15 U.S.C. § 1114(1) or 15 U.S.C. § 1125(a);

(b) Adjudging that that Plaintiff has not engaged in and is not engaging in unfair competition in violation of 15 U.S.C. § 1125(a) or New York law;

(c) Adjudging that Plaintiff has not violated and is not violating New York law;

(d) Permanently restraining and enjoining Defendant, its respective members, officers, principals, shareholders, agents, servants, employees, attorneys, successors, and assigns; their divisions, such divisions' respective members, officers, principals, shareholders, agents, servants, employees, attorneys, successors, and assigns; and those in privity with or in active concert or participation with any of them who receive actual notice of the judgment by personal service or otherwise from alleging, representing, or otherwise stating that acts as alleged herein constitute an infringement of Defendant's alleged trademark rights under the Lanham Act of New York law;

(e) Declaring Plaintiff the prevailing party and this case as exceptional, and awarding Plaintiff its reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a);

(f) Awarding Plaintiff all fees, expenses, and costs associated with this action;

(g) Awarding Plaintiff interest as allowed by law; and

(h) Awarding such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Exhibition Hub demands a trial by jury on all issues so triable in this action.

| | |
|---|---|
| Date: February 8, 2024 | Respectfully submitted,<br><br>LEASON ELLIS LLP<br><br>_[signature]_<br>_____<br>Cameron S. Reuber<br>Tatsuya Adachi<br>One Barker Avenue, Fifth Floor<br>White Plains, New York 10601<br>Tel.: (914) 288-0022<br>reuber@leasonellis.com<br>adachi@leasonellis.com<br>lelitdocketing@leasonellis.com<br><br>*Attorneys for Plaintiff Exhibition Hub US Holding LLC* |