Panagiota Betty Tufariello
INTELLECTULAW, THE LAW OFFICES OF P.B. TUFARIELLO, P.C.
25 Little Harbor Road
Mount Sinai, NY 11766
Telephone: (631) 476-8734
Facsimile: (631) 476-8737
Email: pbtufariello@intellectulaw.com

Domenique Tufariello
INTELLECTULAW, THE LAW OFFICES OF P.B. TUFARIELLO, P.C.
25 Little Harbor Road
Mount Sinai, NY 11766
Telephone: (631) 476-8734
Facsimile: (631) 476-8737
Email: dtufariello@intellectulaw.com

*Attorneys for Defendant/Counterclaim Plaintiff*
*VINCENT VAN GOGH CAFÉ LLC*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------

EXHIBITION HUB US HOLDING LLC,

                 Plaintiff,                             Case No. 2:24-cv-988-GRB-SIL

v.

VINCENT VAN GOGH CAFÉ LLC,

                 Defendant.
-----------------------------------------------------------

VINCENT VAN GOGH CAFÉ LLC,

                 Counterclaim Plaintiff,

EXHIBITION HUB US HOLDING LLC,

                 Counterclaim Defendant.
-----------------------------------------------------------

## <u>ANSWER TO</u><br><u>PLAINTIFF EXHIBITION HUB US HOLDING LLC'S COMPLAINT</u><br><u>AFFIRMATIVE DEFENSES AND COUNTERCLAIMS</u>

## <u>WITH DEMAND FOR JURY TRIAL</u>

Defendant VINCENT VAN GOGH CAFÉ LLC ("Defendant" or "Counterclaim Plaintiff" or "Vincent Van Gogh Café"), by and through their attorneys, Panagiota Betty Tufariello, Esq. and Domenique Tufariello, Esq. of INTELLECTULAW, The Law Offices of P.B. Tufariello, P.C. hereby answers the Complaint of Plaintiff EXHIBITION HUB US HOLDING LLC (hereinafter "Plaintiff" or "Exhibition Hub"), as follows:

## NATURE OF THE ACTION

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1, and therefore **DENIES** the same.

## PARTIES

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2, and therefore **DENIES** the same.

3. Defendant admits that Vincent Van Gogh Café is a New York limited liability company with its principal place of business in Miami, Florida. Defendant admits that Vincent Van Gogh Café operates a brick-and-mortar café in Miami, Florida, serving tea, coffee, and the like, as well as a retail website on the Internet selling tea, coffee, and related merchandise with e-commerce trade in the United States and internationally, along with sales to all forms of retail venues. Defendant admits that the public records of the New York Department of State Division of Corporations indicate that "the Post Office address to which the Secretary of State shall mail a copy of any process against the corporation served upon the Secretary of State by personal delivery is VINCENT VAN GOGH CAFÉ, LLC, PO BOX 777, SMITHTOWN, NY UNITED STATES, 11787." Defendant **DENIES** all other allegations, or inferences raised by the allegations set forth in Paragraph 3.

## JURISDICTION AND VENUE

4. The allegations contained in Paragraph 4 set forth conclusions of mixed law and fact for which no responsive pleading is required. To the extent that a responsive pleading is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4, and therefore **DENIES** the same.

5. The allegations contained in Paragraph 5 set forth conclusions of mixed law and fact for which no responsive pleading is required. To the extent that a responsive pleading is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5, and therefore **DENIES** the same.

6. The allegations contained in Paragraph 4 set forth conclusions of mixed law and fact for which no responsive pleading is required. To the extent that a responsive pleading is required, Defendant admits that the public records of the New York Department of State Division of Corporations indicate that "the Post Office address to which the Secretary of State shall mail a copy of any process against the corporation served upon the Secretary of State by personal delivery is VINCENT VAN GOGH CAFÉ, LLC, PO BOX 777, SMITHTOWN, NY UNITED STATES, 11787. Defendant otherwise **DENIES** the allegations set forth in Paragraph 6.

7. The allegations contained in Paragraph 7 set forth conclusions of mixed law and fact for which no responsive pleading is required. To the extent that a responsive pleading is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7, and therefore **DENIES** the same.

8. The allegations contained in Paragraph 8 set forth conclusions of mixed law and fact for which no responsive pleading is required. To the extent that a responsive pleading is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8, and therefore **DENIES** the same.

## FACTS

9. The allegations contained in Paragraph 9 set forth conclusions of mixed law and fact for which no responsive pleading is required. To the extent that a responsive pleading is required, Defendant admits that counsel for Defendant Vincent Van Gogh Café sent a letter dated February 15, 2023, claiming Plaintiff violated Plaintiff's trademark rights in the mark VINCENT VAN GOGH, U.S. Reg. No. 3,931,277 in International Class 030 for "Beverages made of tea; Black tea; Flavourings of tea; Fruit teas;Green tea; Herb tea; Herbal tea; Iced tea; Japanese green tea; Lime tea; Mixes in the nature of concentrates [, syrups or powders used in the preparation of tea based beverages ] ; Oolong tea; Sage tea; Tea; Tea bags; Tea for infusions; Tea of parched powder of barley with husk (mugi-cha); Tea of salty kelp powder (kombu-cha); Tea pods; Tea substitutes; Tea-based beverages with fruit flavoring; Theine-free tea sweetened with sweeteners" ("Defendant's Mark").

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10, and therefore **DENIES** the same.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11, and therefore **DENIES** the same.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12, and therefore **DENIES** the same.

13. Defendant admits that, in its letter of February 15, 2023, it included a photograph taken at Plaintiff's Exhibit's gift shop at its exhibition in Miami, Florida. Defendant otherwise **DENIES** the allegations set forth in Paragraph 13.

14. Defendant admits that counsel for Defendant Vincent Van Gogh Café sent a letter dated February 15, 2023, concerning its trademark, but traverses Plaintiffs characterization of the foregoing facts as the "sole factual basis for its claim." Defendant otherwise **DENIES** the allegations contained in Paragraph 14.

15. Defendant admits it is neither heir, assign, nor authorized agent of the Van Gogh family or estate. Defendant otherwise **DENIES** the allegations set forth in Paragraph 15.

16. The allegations contained in Paragraph 16 set forth conclusions of mixed law and fact for which no responsive pleading is required. To the extent that a responsive pleading is required, Defendant **DENIES** the allegations contained in Paragraph 16.

17. The allegations contained in Paragraph 17 set forth conclusions of mixed law and fact for which no responsive pleading is required. To the extent that a responsive pleading is required, Defendant **DENIES** the allegations contained in Paragraph 17.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18, and therefore **DENIES** the same.

19. The allegations contained in Paragraph 19 set forth conclusions of mixed law and fact for which no responsive pleading is required. To the extent that a responsive pleading is required, Defendant admits that it is the owner of all rights title and interest in the VINCENT VAN GOGH mark, U.S. Reg. No. 3,931,277. Defendant otherwise **DENIES** the allegations set forth in Paragraph 19.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20, and therefore **DENIES** the same.

21. The allegations contained in Paragraph 21 set forth conclusions of mixed law and fact for which no responsive pleading is required. To the extent that a responsive pleading is required, Defendant admits that its product features the artwork created by Van Gogh. Defendant otherwise **DENIES** the allegations set forth in Paragraph 21.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22, and therefore **DENIES** the same.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23, and therefore **DENIES** the same.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24, and therefore **DENIES** the same.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25, and therefore **DENIES** the same.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26, and therefore **DENIES** the same.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27, and therefore **DENIES** the same.

28. Defendant admits that Plaintiff communicated to Defendant that Plaintiff does not believe Defendant possesses an actionable claim. Defendant otherwise **DENIES** the allegations set forth in Paragraph 28.

29.  The allegations contained in Paragraph 29 set forth conclusions of mixed law and fact for which no responsive pleading is required. To the extent that a responsive pleading is

required, Defendant admits that it has consistently maintained the merit of its trademark claims and has offered to license Defendant's Mark to Plaintiff. Defendant otherwise **DENIES** the allegations set forth in Paragraph 29.

30. **DENIED.**

31. Defendant admits that it contacted Plaintiff on January 4, 2024, to follow up on the offer to license Defendant's Mark to Plaintiff. Defendant otherwise **DENIES** the allegations set forth in Paragraph 31.

32. Defendant admits that it requested that Plaintiff support its claim that the proposed licensing terms were "untethered to the actual dollar value of the asserted claims" by sharing its sales information. Defendant otherwise **DENIES** the allegations set forth in Paragraph 32.

33. The allegations contained in Paragraph 33 set forth conclusions of mixed law and fact for which no responsive pleading is required. To the extent that a responsive pleading is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33, and therefore **DENIES** the same.

34. The allegations contained in Paragraph 34 set forth conclusions of mixed law and fact for which no responsive pleading is required. To the extent that a responsive pleading is required, Defendant **ADMITS** that there is a justiciable controversy between Plaintiff and Defendant as to whether Plaintiff's conduct constitutes trademark infringement and unfair competition both under the Lanham Act and under New York Law.

35. The allegations contained in Paragraph 35 set forth conclusions of mixed law and fact for which no responsive pleading is required. To the extent that a responsive pleading is

required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35, and therefore **DENIES** the same.

## FIRST CLAIM FOR RELIEF
### Declaratory Judgment of No Trademark Infringement

36. Defendant repeats, reaffirms, realleges and incorporates by reference their Responses to the allegations in paragraphs 1-35, as if more fully set forth herein.

37. **DENIED.**

38. The allegations contained in Paragraph 38 set forth conclusions of mixed law and fact for which no responsive pleading is required. To the extent that a responsive pleading is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38, and therefore **DENIES** the same.

39. The allegations contained in Paragraph 39 set forth conclusions of mixed law and fact for which no responsive pleading is required. To the extent that a responsive pleading is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39, and therefore **DENIES** the same.

40. **DENIED.**

## SECOND CLAIM FOR RELIEF
### Declaratory Judgment of No Unfair Competition

41. Defendant repeats, reaffirms, realleges and incorporates by reference their Responses to the allegations in paragraphs 1-40, as if more fully set forth herein.

42. The allegations contained in Paragraph 42 set forth conclusions of mixed law and fact for which no responsive pleading is required. To the extent that a responsive pleading is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42, and therefore **DENIES** the same.

43. The allegations contained in Paragraph 43 set forth conclusions of mixed law and fact for which no responsive pleading is required. To the extent that a responsive pleading is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43, and therefore **DENIES** the same.

44. The allegations contained in Paragraph 44 set forth conclusions of mixed law and fact for which no responsive pleading is required. To the extent that a responsive pleading is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 44, and therefore **DENIES** the same.

45. The allegations contained in Paragraph 45 set forth conclusions of mixed law and fact for which no responsive pleading is required. To the extent that a responsive pleading is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 45, and therefore **DENIES** the same.

46. **DENIED**.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, Defendant pleads the following affirmative defenses. In doing so, Defendant does not assume the burden of proof with respect to any of the affirmative defenses where the substantive law provides otherwise.

## FIRST AFFIRMATIVE DEFENSE

47. Defendant repeats and incorporates their responses to paragraphs "1" through "46" of the Complaint as if more fully set forth herein.

48. Plaintiffs fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

49. Defendant repeats and incorporates their responses to paragraphs "1" through "48" of the Complaint as if more fully set forth herein.

50. Plaintiffs' claims are barred in whole or in part by the doctrine of Estoppel.

## THIRD AFFIRMATIVE DEFENSE

51. Defendant repeats and incorporates their responses to paragraphs "1" through "50" of the Complaint as if more fully set forth herein.

52. Plaintiffs' claims are barred in whole or in part by the doctrine of Unclean Hands.

## RESERVATION OF RIGHTS TO
## ADDITIONAL AFFIRMATIVE DEFENSES AND
## RELIEF REQUESTED IN RESPONSE TO PLAINTIFF'S CLAIMS

To the extent the Defendant may have other separate and/or additional defenses of which they are not aware, Defendant reserves the right to assert them by amendment to this Answer as discovery continues.

**WHEREFORE**, Defendant prays that:

a.  Plaintiff takes nothing by their Complaint against Defendant;

b.  Plaintiff's claims be dismissed with Prejudice;

c.  Defendant prevails in its counterclaims against Plaintiff (see COUNTERCLAIMS *infra*);

d.  Defendant be awarded their reasonable attorneys' fees and costs; and

e.  Defendant be granted such further relief as the Court deems just and proper, including costs and expenses in this case.

## COUNTERCLAIMS

Further answering the Complaint, Defendant/Counterclaim Plaintiff Vincent Van Gogh Café, LLC (hereinafter "Plaintiff" or "Vincent Van Gogh Café") pleads the following facts and counterclaims.

## NATURE OF THE ACTION

Vincent Van Gogh Café brings this action for injunctive relief and damages to halt Plaintiff/Counterclaim Defendant Exhibition Hub US Holding LLC (hereinafter "Counterclaim Defendant") from unjustly profiting off the goodwill and reputation of Vincent Van Gogh Café's family of VAN GOGH trademarks.

## JURISDICTION AND VENUE

53. This Court has subject matter jurisdiction of this counterclaims on the following basis:

a.  Under 28 U.S.C. § 1331 since this action arises under the Laws of the United

States, i.e., the Lanham Act § 43(a), 15 U.S.C 15 U.S.C. §§ 1114, 1125 et seq;

    b.  Under 28 U.S.C. § 1338, since this action arises under the Trademark and Unfair Competition Laws of the United States, Lanham Act § 43(a), 15 U.S.C. §§ 1114, 1125 et seq.;

    c.  Under 28 U.S.C. § 1121, since this action involves questions arising under the Trademark Laws of the United States, Lanham Act § 43(a), 15 U.S.C. §§ 1114, 1125 et seq.; and

    d.  Under 28 U.S.C. §1367(a), since this action alleges state law violations that are part of the same case or controversy as those arising under the laws of the United States.

54. The United States District Court for the Eastern District of New York has personal jurisdiction over the Counterclaim Defendant under New York Civil Practice Law and Rules (C.P.L.R.) § 302(a)(1)-(3) because, as is set forth herein, Counterclaim Defendant has purposefully availed itself of the privilege of conducting activities within New York. Moreover, an articulable nexus exists between Vincent Van Gogh Café's claims and all of the Counterclaim Defendants' activities within New York.

55. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) since a substantial portion of the harm sought to be avoided and a substantial part of the events and omissions giving rise to the claims asserted herein, occurred in this district.

## **FACTUAL BACKGROUND**

*Defendant/Counterclaim Plaintiff's VINCENT VAN GOGH family of marks*

56. Defendant Vincent Van Gogh Café is a New York limited liability company with its

principal place of business in Miami, Florida.

57. Vincent Van Gogh Café currently operates its café and shop located in the Opera Tower, 1750 North Bayshore Drive, Miami, FL 33132.

58. Vincent Van Gogh Café is the owner of all rights, title, and interest in a family of VAN GOGH trademarks. The family comprises the following U.S. Registrations:

    a.   U.S. Trademark Registration No. 3,931,277 for the mark VINCENT VAN GOGH for "Beverages made of tea; Black tea; Flavourings of tea; Fruit teas; Green tea; Herb tea; Herbal tea; Iced tea; Japanese green tea; Lime tea; Mixes in the nature of concentrates [, syrups or powders used in the preparation of tea based beverages ] ; Oolong tea; Sage tea; Tea; Tea bags; Tea for infusions; Tea of parched powder of barley with husk (mugi-cha); Tea of salty kelp powder (kombu-cha); Tea pods; Tea substitutes; Tea-based beverages with fruit flavoring; Theine-free tea sweetened with sweeteners" in International Trademark Class 30. U.S. Trademark Registration No. 3,931,277 is incontestable. A true and accurate copy of Vincent Van Gogh Café's U.S. Registration No. 3,931,277 for the VINCENT VAN GOGH mark is annexed hereto as **Exhibit 1**.

    b.   U.S. Registration No. 3,941,023 for the mark VINCENT VAN GOGH PREMIUM COFFEE for "Beverages made of coffee; Caffeine-free coffee; Chicory based coffee substitute; Coffee; Coffee; Coffee beans; Coffee flavored syrup used in making food beverages; Coffee pods; Coffee substitutes; Coffee substitutes; Coffee-based beverage containing milk; Ground coffee beans; Instant coffee; Prepared coffee and coffee-based beverages; Roasted coffee beans; Sugar-coated coffee beans" in International Trademark Class 30. U.S. Registration No.

3,941,023 is incontestable. A true and accurate copy of Vincent Van Gogh Café's U.S. Registration No. 3,941,023 for the VINCENT VAN GOGH mark is annexed hereto as **Exhibit 2**.

c.   U.S. Registration No. 7,049,719 for the mark VINCENT VAN GOGH CAFÉ for use in connection with "Coffee and juice bar services; Coffee and tea bars; Coffee bars; Coffee shops; Coffee-house and snack-bar services; Smoking lounge services; Tea bars; Tea shops; Restaurant and café services" in International Trademark Class 43. A true and accurate copy of Vincent Van Gogh Café's U.S. Registration No. 7,049,719 for the VINCENT VAN GOGH CAFE mark is annexed hereto as **Exhibit 3**.

d.   U.S. Registration No. 4319499  for the mark VAN GOGH and Design for use in connection with "Coffee and tea" in International Trademark Class 30. The mark consists of the portrait of "Vincent Van Gogh" and the wording "VAN GOGH" in black underneath the portrait. The portrait is inside a gold frame. The color blue appears in the background of the portrait, the coat and the bow tie. The color white appears in the collar of the shirt. The color red appears in the shading of the face and a strip on the shirt. The color gold and yellow appears on the hat and the handwritten wording "VINCENT" at the bottom right corner of the portrait. The color brown appears in the shading of the hat and beard and moustache. The color peach appears in the face and neck of the portrait. The color black appears in the eyes and in the shading of the coat." A true and accurate copy of Vincent Van Gogh Café's U.S. Registration No. 4319499 for the VAN GOGH and Design mark is annexed hereto as **Exhibit 4.** While the Registration has been cancelled,

Counterclaim Plaintiff Vincent Van Gogh Café continues to be the owner of all common law rights, title and interest in the trademark, as a result of its continued use in interstate commerce, since July 28, 2010. And,

e.    CANADA Registration No. TMA873,074 for the mark VINCENT VAN GOGH for use in connection with "Coffee and tea" in International Trademark Class 30. A true and accurate copy of Vincent Van Gogh Café's CANADA Registration No. TMA873,074 for the VINCENT VAN GOGHmark is annexed hereto as **Exhibit 5**.

59. Vincent Van Gogh Café's family of VAN GOGH trademarks also comprises the following U.S. Trademark Applications, currently pending in the U.S. Patent and Trademark Office:

a.    U.S. Trademark Application Serial No. 97924403 for the mark VAN GOGH-GURT for use in connection with "yoghurt; yogurt" in International Trademark Class 029. A true and accurate copy of a capture of the USPTO TSDR status page for U.S. Trademark Application Serial No. 97924403 is annexed hereto as **Exhibit 6**.

b.    U.S. Trademark Application Serial No. 97796277 for the mark VAN GOGH CAFE for use in connection with "Frozen confectionery; Bakery goods and dessert items, namely, cakes, cookies, pastries, candies, and frozen confections for retail and wholesale distribution and consumption on or off the premises" in International Trademark Class 030. A true and accurate copy of a capture of the USPTO TSDR status page for U.S. Trademark Application Serial No. 97796277 is annexed hereto as **Exhibit 7**.

c.  U.S. Trademark Application Serial No. 97897246 for the mark VAN GOGH CAFFELATO for use in connection with "Dessert shops; Pastry and dessert shops" in International Trademark Class 035, and in connection with "Cafe and restaurant services; Cafe and snack-bar services; Cafe services; Café services; Ice cream shop services in the nature of a restaurant; Ice cream parlors; Coffee shop services; Tea shops" in International Class 043. A true and accurate copy of a capture of the USPTO TSDR status page for U.S. Trademark Application Serial No. 97897246 is annexed hereto as **Exhibit 8**.

d.  U.S. Trademark Application Serial No. 98057452 for the mark VINCENT VAN GOGH for use in connection with "Coffee; Tea(Based on 44(e)) Coffee; Tea" in International Trademark Class 030. A true and accurate copy of a capture of the USPTO TSDR status page for U.S. Trademark Application Serial No. 98057452 is annexed hereto as **Exhibit 9**. And,

e.  U.S. Trademark Application Serial No. 97896998 for the mark VAN GOGH CAFFELATO for use in connection with "Gelato; Frozen confectionery" in International Trademark Class 030. A true and accurate copy of a capture of the USPTO TSDR status page for U.S. Trademark Application Serial No. 97896998 is annexed hereto as **Exhibit 10**.

60.  Vincent Van Gogh Café promotes, markets, and advertises its products on, among other things, its primary website, www.vincentvangoghcafe.com/ (the "primary website").

61.  Vincent Van Gogh Café also owns the domain names www.vincentvangoghcoffee.com, www.vincentvangoghtea.com, www.vangoghtea.com, and www.cafevangogh.com, which all redirect to the primary website. A true and accurate copy of the Vincent Van

Gogh Café's website featuring products bearing the VINCENT VAN GOGH mark is annexed hereto as **Exhibit 11**.

62. Vincent Van Gogh Café has a presence on social media including its Facebook page, www.facebook.com/profile.php?id=100092989399400,  created on May 30, 2023, and its Instagram page, www.instagram.com/vincentvangoghcafe/?igshid=YmMyMTA2M2Y%3D  ,first post dated February 22, 2023.

63. Vincent Van Gogh Café's Registration No. 3,931,277 began as Application Serial No. 77/168,342 filed on April 28, 2007. The registration is incontestable.

64. Vincent Van Gogh Café's U.S. Registration No. 3,931,277 was issued on March 15, 2011. The Registration is incontestable.

65. Vincent Van Gogh Café has been using and continues to use the Trademark VINCENT VAN GOGH in inter-state commerce, with "Beverages made of tea; Black tea; Flavourings of tea; Fruit teas; Green tea; Herb tea; Herbal tea; Iced tea; Japanese green tea; Lime tea; Mixes in the nature of concentrates [, syrups or powders used in the preparation of tea based beverages ] ; Oolong tea; Sage tea; Tea; Tea bags; Tea for infusions; Tea of parched powder of barley with husk (mugi-cha); Tea of salty kelp powder (kombu-cha); Tea pods; Tea substitutes; Tea-based beverages with fruit flavoring; Theine-free tea sweetened with sweeteners" in International Class 30, since at least as early as January 5, 2010. Annexed hereto as **Exhibit 10** are true and accurate copies of pictures of some of Defendant's VINCENT VAN GOGH products as they are offered for sale in interstate commerce.

66. In addition to brick and mortar and website sales, Vincent Van Gogh Café operates an

17

Amazon store which also sells products bearing the VINCENT VAN GOGH mark at the following address:

https://www.amazon.com/sp?ie=UTF8&seller=AKF6E4YHP2358&asin=B0CVG4DTPB &ref_=dp_merchant_link A true and accurate copy of the Vincent Van Gogh Café's Amazon Storefront featuring products bearing the VINCENT VAN GOGH mark is annexed hereto as **Exhibit 13**.

67. In addition to its own sales and website, Vincent Van Gogh Café has licensed certain vendors to sell products bearing the VINCENT VAN GOGH mark.

68. Vincent Van Gogh Cafe has also sold its coffee and tea products to another Van Gogh exhibition company for sale in their gift shops.

69. Paquin Entertainment Group "Beyond Van Gogh Exhibition" is one such licensed and authorized distributor of VINCENT VAN GOGH mark bearing products.

70. Vincent Van Gogh Cafe has spent considerable time and money developing gourmet products and promoting those products using its family of VINCENT VAN GOGH and VAN GOGH marks over the last 14 years.

*Counterclaim Defendant/Plaintiff's Acts*

71. Plaintiff/Counterclaim Defendant Exhibition Hub US Holding LLC (hereinafter "Counterclaim Defendant") is a Delaware limited liability company with its principal place of business in Atlanta, Georgia.

72. Based on information and belief, Counterclaim Defendant does business in New York in part through its subsidiaries, including Exhibition Hub New York LLC, a Delaware limited liability company registered to do business in New York.

73. On May 21, 2021, Counterclaim Plaintiff Vincent Van Gogh Café's CEO, Mr. Jordan Weisz ("Mr. Weisz"), emailed Counterclaim Defendant to discuss licensing of the

VINCENT VAN GOGH marks and the sale of Defendant's coffee and tea products at Counterclaim Defendant's Van Gogh exhibitions. Counterclaim Defendant did not reply to the request. A true and accurate copy of Mr. Weisz's email is annexed hereto as **Exhibit 14**.

74. In March 2022, Mr. Weisz met with Jean-Pierre Fontaine ("Mr. Fontaine"), Counterclaim Defendant's General Manager, at Counterclaim Defendant's corporate house in Miami, Florida. Mr. Fontaine represented that he had the authority to purchase products for sale in Counterclaim Defendant's gift shops.

75. On March 30, 2022, Mr. Fontaine provided Mr. Weisz with a guided tour of the Miami exhibition. At the end of the tour, Mr. Fontaine and Mr. Weisz discussed the possibility that Counterclaim Plaintiff Vincent Van Gogh Café's trademarked coffee and tea products would be sold in the Counter Claim Defendant Exhibition Hub's Miami exhibition gift shop.

76. In June of 2022, both Counterclaim Plaintiff and Counterclaim Defendant management and employees had several meetings and correspondence by telephone, text, and email regarding the infringement of Counterclaim Plaintiff's VINCENT VAN GOGH marks for teas and coffees.

77. Eventually, the Parties entered into an Agreement that Counterclaim Defendant would purchase Counterclaim Plaintiff's tea and coffee products bearing the VINCENT VAN GOGH and VINCENT VAN GOGH PREMIUM COFFEE marks to sell in its gift shop and phase out its own VAN GOGH tea that it was selling in its gift shop.

78. Under this agreement, Counterclaim Plaintiff shipped, and Counterclaim Defendant received an order for tea and coffee products placed with Jean Pierre Fontaine on June

21, 2022.

79. As a result, in July 2022, Counterclaim Defendant Exhibition Hub offered for sale Counterclaim Plaintiff's tea and coffee products bearing the VINCENT VAN GOGH and VINCENT VAN GOGH PREMIUM COFFEE marks in Counterclaim Defendant's "Van Gogh: The Immersive Experience Gift Shop" in Miami, Florida.

80. Despite their agreement, Counterclaim Defendant did not phase out the sale of Counterclaim Defendant's own VAN GOGH tea – Plaintiff instead continued to sell its own brand of VAN GOGH tea in the Miami exhibition gift shop.

81. Furthermore, Counterclaim Defendant began selling its giftshop merchandise online, available at the following link: https://shop.exhibitionhub.com/.

82. Upon information and belief, Counterclaim Defendant has had great success with its sales of its tea products at the expense of Counterclaim Plaintiff.

*Likelihood of Confusion*

83. Counterclaim Plaintiff's VINCENT VAN GOGH and Counterclaim Defendant's VAN GOGH marks are very similar. They are both compound marks that primarily feature the words VAN GOGH, invoking the name of the famous Dutch artist.

84. Counterclaim Plaintiff uses multiple images of Vincent Van Gogh's public domain artwork on its product packaging to further suggest the high quality and artistry of its products—not just Vincent Van Gogh's self-portrait.

85. The artist Vincent Van Gogh's self-portrait, together with Vincent Van Gogh's public domain artwork, in combination with the prominent use of VAN GOGH leads to an overall similar commercial impression of Counterclaim Defendant's teas to Counterclaim Plaintiff's products.

86. Counterclaim Defendant Exhibition Hub's tea products are packaged in boxes dominated by the words VAN GOGH in large letters and bearing the artist's public domain artwork. Examples are shown below:



87. Counterclaim Plaintiff Vincent Van Gogh Café's tea products are also sold in containers with the words VAN GOGH printed prominently on them and featuring the artist's public domain artwork. An example is shown below:



88. The tea products of the Counterclaim Plaintiff and Counterclaim Defendant compete directly with each other. For a period in the summer of 2022, they were both sold in the same gift shop at the Counterclaim Defendant's Van Gogh exhibition in Miami.

89. In addition, Counterclaim Defendant's tea has been promoted on their website as part of

the "Moment of Japonisme" display in the lobby of their exhibitions. The display includes a tea bar with VAN GOGH and public domain artwork branded teapots, teacups, and Japanese Flower Tea, as shown below – the accused VAN GOGH tea packaging can be seen on the left side of the tea bar in front of the display board:



90. Counterclaim Defendant's display board was reproduced on their website and includes the following invitation to try their VAN GOGH branded Japanese Flower Tea:

JAPANESE FLOWER TEA

Dear Art Lover, in honour of the artist's great love for everything Japanese we have here Japanese Flower Tea. A pleasure for the eyes and the palate, these are truly works of art. Tea flowers offer a complete rediscovery of green tea, and a journey between flavour, smell and colour. They are produced in east-central Asia.

A tea flower infuses like green tea but in boiling water. In order to fully enjoy the spectacle of hatching your tea flower, it is imperative to use a clear glass teapot or a glass stem type Burgundy wine glass. Store in a cool, dry place.

91. On February 15, 2023, Defendant/Counterclaim Plaintiff sent Plaintiff/Counterclaim Defendant a "cease and desist" demand letter. Annexed hereto as **Exhibit 15** is a true and accurate copy of the "cease and desist" demand letter.

92. Plaintiff/Counterclaim Defendant has declined to comply with the "cease and desist" demand letter and continues to infringe on Defendant/Counterclaim Plaintiff Vincent Van Gogh Café trademarks.

## COUNTERCLAIM I
### Trademark Infringement and Unfair Competition
### Under The Lanham Act Pursuant to 15 U.S.C. §1114

93. Defendant/Counterclaim Plaintiff repeats, re-alleges, and incorporates their responses and allegations in paragraphs "1" through "91" of the Answer and Counterclaims as if more fully set forth herein.

94. Plaintiff/Counterclaim Defendant's conduct, as described herein, including their current use of the mark "VAN GOGH", constitutes trademark infringement and unfair competition because it is likely to cause confusion, mistake, and deception as to the affiliation, connection, and association between Defendant/Counterclaim Plaintiff's products and Plaintiff/Counterclaim Defendant's products, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

95. As a direct and proximate result of Plaintiff/Counterclaim Defendant's wrongful conduct, they have caused Defendant/Counterclaim Plaintiff irreparable harm and injury.

96. Plaintiff/Counterclaim Defendant's acts of infringement and unfair competition are knowing and willful.

97. Unless Plaintiff/Counterclaim Defendant is enjoined from their wrongful conduct,

Defendant/Counterclaim Plaintiff will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

## COUNTERCLAIM II
### Federal Unfair Competition Pursuant to 15 U.S.C. 1125(a)
### (False Designation of Origin)

98. Defendant/Counterclaim Plaintiff repeats, re-alleges, and incorporates by reference their responses and allegations in paragraphs "1" through "96" of the Answer and Counterclaims as if more fully set forth herein.

99. Plaintiff/Counterclaim Defendant's conduct, as described herein, including their current use of the mark "VAN GOGH", constitutes federal unfair competition because it falsely designates the origin as to the affiliation, connection, and association between its products and Defendant/Counterclaim Plaintiff's products, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

100. As a direct and proximate result of Plaintiff/Counterclaim Defendants' wrongful conduct, they have caused Defendant/Counterclaim Plaintiff irreparable harm and injury.

101. Plaintiff/Counterclaim Defendant's acts of infringement and unfair competition are knowing and willful.

102. Unless Plaintiff/Counterclaim Defendant is enjoined from its wrongful conduct, Defendant/Counterclaim Plaintiff Vincent Van Gogh Café will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

## COUNTERCLAIM III
### Federal Unfair Competition Pursuant to 15 U.S.C.   1125(a)
### (Confusion, Mistake and/or Deception)

103. Defendant/Counterclaim Plaintiff repeats, re-alleges, and incorporates by reference their

24

responses and allegations in paragraphs "1" through "101" of the Answer and Counterclaims as if more fully set forth herein.

104. Plaintiff/Counterclaim Defendant's conduct, as described herein, including their current use of the mark "VAN GOGH", constitutes federal unfair competition because it causes the likelihood of confusion, mistake, and/or deception as to the affiliation, connection, and association between its products and Defendant/Counterclaim Plaintiff's products, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

105. As a direct and proximate result of Plaintiff/Counterclaim Defendant's wrongful conduct, Plaintiff/Counterclaim Defendant has caused Defendant/Counterclaim Plaintiff irreparable harm and injury.

106. Plaintiff/Counterclaim Defendant's acts of infringement and unfair competition are knowing and willful.

107. Unless Plaintiff/Counterclaim Defendant is enjoined from their wrongful conduct, Defendant/Counterclaim Plaintiff will suffer irreparable injury and harm, for which it has no adequate legal remedy.

## COUNTERCLAIM IV
### Federal Unfair Competition Under 15 U.S.C. 1125(a)
### (REVERSE CONFUSION)

108. Defendant/Counterclaim Plaintiff repeats, re-alleges, and incorporates by reference their responses and allegations in paragraphs "1" through "106" of the Answer and Counterclaims as if more fully set forth herein.

109. Plaintiff/Counterclaim Defendant's conduct and superior resources, as described herein, including their current use of the mark "VAN GOGH", constitutes federal unfair competition because it causes a likelihood of reverse confusion, mistake, and/or

deception as to the affiliation, connection, and association between of
Defendant/Counterclaim Plaintiff's products with Plaintiff/Counterclaim Defentant, or
Plaintiff/Counterclaim Defentant's products, in violation of Section 43(a) of the Lanham
Act, 15 U.S.C. § 1125(a).

110. As a direct and proximate result of Plaintiff/Counterclaim Defendant's wrongful
conduct, Plaintiff/Counterclaim Defendant has caused Defendant/Counterclaim Plaintiff
irreparable harm and injury.

111. Plaintiff/Counterclaim Defendant's acts of infringement and unfair competition are
knowing and willful.

112. Unless Plaintiff/Counterclaim Defendant is enjoined from their wrongful conduct,
Defendant/Counterclaim Plaintiff will suffer irreparable injury and harm, for which it has
no adequate legal remedy.

**COUNTERCLAIM V**
**Federal Unfair Competition Pursuant to 15 U.S.C.   1125(a)**
**(TARNISHMENT THROUGH REVERSE CONFUSION)**

113. Defendant/Counterclaim Plaintiff repeats, re-alleges, and incorporates by reference their
responses and allegations in paragraphs "1" through "111" of the Answer and
Counterclaims as if more fully set forth herein.

114. Plaintiff/Counterclaim Defendant's conduct and superior resources, as described herein,
including their current use of the mark "VAN GOGH", constitutes federal unfair
competition because its products tarnish the image of Defendant/Counterclaim Plaintiff's
goods, or consumers view Defendant/Counterclaim Plaintiff as an unauthorized infringer
of Plaintiff/Counterclaim Defendant's products, thus injuring Defendant/Counterclaim
Plaintiff reputation and impairing its good will, in violation of Section 43(a) of the

Lanham Act, 15 U.S.C. § 1125(a).

115. As a direct and proximate result of Plaintiff/Counterclaim Defendant's wrongful conduct, Plaintiff/Counterclaim Defendant has caused and will continue to cause Defendant/Counterclaim Plaintiff irreparable harm and injury.

116. Plaintiff/Counterclaim Defendant's acts of infringement and unfair competition are knowing and willful.

117. Unless Plaintiff/Counterclaim Defendant is enjoined from their wrongful conduct, Defendant/Counterclaim Plaintiff will suffer irreparable injury and harm, for which it has no adequate legal remedy.

### COUNTERCLAIM VI
### Unjust Enrichment

118. Defendant/Counterclaim Plaintiff repeats, re-alleges, and incorporates by reference their responses and allegations in paragraphs "1" through "116" of the Answer and Counterclaims as if more fully set forth herein.

119. Plaintiff/Counterclaim Defendant received the benefit of the Agreement with Defendant/Counterclaim Plaintiff – VINCENT VAN GOGH tea products and the authorization to sell Defendant/Counterclaim Plaintiff's products in their exhibition gift shop.

120. Plaintiff/Counterclaim Defendant consciously accepted these benefits by executing the agreement with Defendant/Counterclaim Plaintiff and accepting its goods for sale.

121. Defendant/Counterclaim Plaintiff provided the goods and license to the Plaintiff/Counterclaim Defendant with the intent that it would cease to sell their VAN GOGH tea. Plaintiff/Counterclaim Defendant did not.

122. By reason of the facts and circumstances stated above, the Plaintiff/Counterclaim

Defendant has been unjustly enriched in that it is inequitable for it to receive the benefit of their continued sale of VAN GOGH.

123.

## COUNTERCLAIM VII
### Promissory Estoppel

124. Defendant/Counterclaim Plaintiff repeats, re-alleges, and incorporates by reference their responses and allegations in paragraphs "1" through "121" of the Answer and Counterclaims as if more fully set forth herein.

125. Plaintiff/Counterclaim Defendant entered into an agreement with Defendant/Counterclaim Plaintiff for VINCENT VAN GOGH  products and the authorization to sell such products in their exhibition gift shop.

126. Defendant/Counterclaim Plaintiff relied on the representations of Plaintiff/Counterclaim Defendant that it would cease sales of its own VAN GOGH tea products and, should it continue to sell "Van Gogh" branded teas, it would only purchase them from Defendant/Counterclaim Plaintiff.  Plaintiff/Counterclaim Defendant never ceased sales of its own VAN GOGH tea products, in violation of its representations to Defendant/Counterclaim Plaintiff.

127. By reason of the facts and circumstances stated above, Plaintiff/Counterclaim Defendant has improperly sold their own VAN GOGH tea products and the doctrine of promissory estoppel dictates that it be estopped.

## COUNTERCLAIM VIII
### Infringement Pursuant to New York State Common Law (N.Y. Gen. Bus. Law § 360-o), New York StateTrademark Law,  New York State Unfair Competition Laws and Deceptive Practices, N.Y. Gen. Bus. Law § 349)

128. Defendant/Counterclaim Plaintiff repeats, re-alleges, and incorporates by reference the

allegations contained in paragraphs "1" through "125" of the Answer and Counterclaims as though fully set forth herein.

129. Plaintiff/Counterclaim Defendant's conduct, as described herein, constitutes infringement pursuant to New York State Common Law, New York State Trademark Law, and/or New York State Law of Unfair Competition as defined by and in contravention of New York Statutes and Case Law as to the affiliation, connection and association between Plaintiff/Counterclaim Defendant's products and services and Defendant/Counterclaim Plaintiff's products and services, in violation of New York State Common Law, New York State Trademark Law, and/or New York State Law of Unfair Competition.

130. As a direct and proximate result of Plaintiff/Counterclaim Defendants' wrongful conduct, they have caused Defendant/Counterclaim Plaintiff Vincent Van Gogh Café irreparable harm and injury.

131. Plaintiff/Counterclaim Defendants' acts of infringement and unfair competition are knowing and willful.

132. Unless Plaintiff/Counterclaim Defendant is enjoined from their wrongful conduct, Defendant/Counterclaim Plaintiff Vincent Van Gogh Café will suffer irreparable injury and harm, for which it has no adequate legal remedy.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Defendant/Counterclaim Plaintiff Vincent Van Gogh Café prays and respectfully requests the following relief:

1.    That Plaintiff/Counterclaim Defendant Exhibition Hub U.S. Holding LLC, and all persons acting in concert or participating with them be preliminarily and permanently enjoined from:

a.    using any names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise similar to Defendant/Counterclaim Plaintiff Vincent Van Gogh Café's trademarks as set forth herein;

b.    otherwise infringing Defendant/Counterclaim Plaintiff Vincent Van Gogh Café's trademarks as set forth herein;

c.    engaging in false designations of origin, false description, false advertising, false representations, federal trademark dilution, or otherwise engaging in unfair business or deceptive trade practices or competing unfairly with Defendant/Counterclaim Plaintiff;

d.    any other conduct that is likely to cause confusion or to cause mistake or to deceive as to the source, affiliation, connection, or association of Plaintiff/Counterclaim Defendant's products or services with Defendant/Counterclaim Plaintiff Vincent Van Gogh Café.

2.    That Plaintiff/Counterclaim Defendant be ordered to pay the Defendant/Counterclaim Plaintiff all damages suffered because of Plaintiff/Counterclaim Defendants' trademark infringement, trademark dilution, and unfair competition as outlined in these claims (15 U.S.C. §§ 1117(a) and 1125(c)(2)).

3.    That Plaintiff/Counterclaim Defendant be ordered to pay Defendant/Counterclaim Plaintiff punitive or exemplary damages as provided by law.

4.    That Plaintiff/Counterclaim Defendant be required to file with this Court and serve on the undersigned counsel for the Defendant/Counterclaim Plaintiff within thirty (30)

days after the entry of judgment a written report under oath setting forth in detail how they have complied with the injunction ordered by this Court. (15 U.S.C § 1116).

5.     That Plaintiff/Counterclaim Defendant be ordered to pay to the Defendant/Counterclaim Plaintiff the costs of this action and reasonable attorneys' fees pursuant 15 U.S.C. §§ 1117(a) and 1125(c)(2).

6.     That Defendant/Counterclaim Plaintiff shall have such other relief as this Court may deem just and proper.

**JURY DEMAND**

Pursuant to Rule 38(d) of the Federal Rules of Civil Procedure, Defendant/Counterclaim Plaintiff Vincent Van Gogh Café  respectfully demands a trial by jury on all of its counterclaim issues so triable by right.

Respectfully Submitted,

**INTELLECTULAW**
**The Law Offices of P.B. Tufariello, PC**

Dated: Mount Sinai, New York
April 5, 2024

By:     _____

Panagiota Betty Tufariello, Esq.
Intellectulaw
The Law Offices of P.B. Tufariello, P.C.
25 Little Harbor Road
Mount Sinai, NY 11766
Tel: (631) 476-8734
Fax: (203) 476-8737
pbtufariello@intellectulaw.com
*Attorneys for the Defendant*

31

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, i.e., on Tuesday, April 9, 2024, a copy of the foregoing Answer and Counterclaims to Plaintiff's Complaint has been served to counsel via ECF and Electronic Mail addressed to:

Cameron S. Reuber
Tatsuya Adachi
One Barker Avenue, Fifth Floor
White Plains, New York 10601
Tel.: (914) 288-0022
reuber@leasonellis.com
adachi@leasonellis.com
lelitdocketing@leasonellis.com

Dated: Tuesday, April 9, 2024

_____
Panagiota Betty Tufariello