

One Barker Avenue
White Plains, New York 10601
**T**   914.821.3075
reuber@leasonellis.com

**Cameron S. Reuber**
PARTNER

April 17, 2025

**VIA ECF**

The Honorable Sanket J. Bulsara, USDJ
U.S. District Court for the Eastern District of New York
100 Federal Plaza, Courtroom 930
Central Islip, New York 11722

      Re:    Exhibition Hub US Holding LLC v. Vincent Van Gogh Café, LLC,
               No. 2:24-cv-00988-SJB-SIL (E.D.N.Y.)

Dear Judge Bulsara:

     We represent Plaintiff Exhibition Hub US Holding LLC ("Exhibition Hub") in this civil action. Your Honor's Individual Practices contemplate the Court's enforcement of settlement agreements. *See* Indiv. Prac., at § III.I. Accordingly, we write to seek the Court's assistance with final resolution of this matter, which continues to elude the parties despite Plaintiff's best efforts to consummate a settlement in principle reached in December 2024.

**Background**

     The present declaratory judgment action is a relatively straightforward trademark infringement dispute. Plaintiff Exhibition Hub is the producer of *Van Gogh: The Immersive Experience*, a global art exhibition touring since 2017, consisting of an immersive digital art experience featuring the works of Vincent Van Gogh. Compl., Dkt. 1, at ¶ 10. Plaintiff has shown its exhibition in over 40 cities across the U.S., Europe, and Asia, having attracted over five million visitors. *Id.* It has been hailed as among the twelve best immersive experiences in the world by CNN and as a top immersive art attraction by USA Today. *Id.*

     Defendant Van Gogh Café, LLC ("Van Gogh Café" or the "Café") operates a small café in Miami, Florida. Van Gogh Café claims federal trademark rights in the mark VINCENT VAN GOGH per U.S. Reg. No. 3,931,277 for various tea-related beverages. *Id.*, at ¶ 9. Since February 15, 2023, Van Gogh Café has been demanding a trademark license fee from Exhibition Hub, alleging, *inter alia*, that Exhibition Hub is somehow violating Van Gogh Café's trademark rights. Based on the applicable standards for adjudicating trademark infringement (*i.e.*, a likelihood of consumer confusion), Exhibition Hub understands such claims to lack merit for a host of reasons that it was prepared to litigate (*see id.*, at ¶¶ 11–13, 16–27), but which are no longer pertinent given the settlement in principle reached in December 2024, as discussed below.

     Specifically, Van Gogh Café continues to repeat the same lackadaisical approach to its obligations, thereby frustrating the parties' ability to fully and finally resolve this dispute. That is, for the better part of 2023, Van Gogh Café inconsistently alternated between (i) escalating its demands against Exhibition Hub and (ii) wholly ignoring Exhibition Hub's good faith efforts to resolve it altogether for months at a time. *See id.*, at ¶¶ 9, 30–35. The proffered excuses for its inconsistency were many and varied. Nevertheless, feeling compelled to finally dispel the cloud of uncertainty over its business, Exhibition Hub commenced this civil action on February 8, 2024 seeking a declaration of no trademark infringement and no unfair competition. *See* Compl., Dkt. 1.

Hon. Sanket J. Bulsara
April 17, 2025
Page 2 of 4

Thereafter, for the better part of 2024, the Café again alternated inconsistently between (i) litigating the merits of this case in earnest and (ii) wholly ignoring the case. Specifically, on April 9, 2024, Van Gogh Café asserted five counterclaims of trademark infringement and other related claims under the Lanham Act, as well as three additional related state law claims. Answer and Counterclaims, Dkt. 10, at ¶¶ 93–132. Thereafter, Van Gogh Café participated in the initial pretrial conference and timely served/received discovery requests pursuant to the deadlines set forth in the initial Scheduling Order entered on May 28, 2024. *See* Dkts. 15, 16. However, that is where the Café's active participation again petered out. Despite initially agreeing to dates certain for redlined comments on a draft protective order concerning confidential information and a proposed joint electronic discovery stipulation that Plaintiff had prepared and circulated, no redlines were ever received from the Café despite multiple follow-up efforts. As a result, no discovery responses were ever tendered pending entry of such orders. The case stayed stuck in neutral throughout the summer until the Café failed to appear for a status conference before the Honorable Steven Locke on September 23, 2024. *See* Dkt. 17. Judge Locke thereafter ordered (i) the parties to submit an agreed upon proposed amended scheduling order no later than October 11, 2024, and (ii) Plaintiff to submit the aforementioned draft orders, inclusive of cataloging for the Court Plaintiff's communication efforts with defense counsel. *Id*. The parties timely complied with said orders. Dkts. 18, 19.

Thereafter, Judge Locke endorsed the aforementioned proposed discovery orders and proposed revised scheduling order and, *inter alia*, set a deadline of January 10, 2025 for the completion of fact discovery. Exhibition Hub thereafter continued to press the Café to comply with said orders and otherwise satisfy its discovery obligations pursuant thereto, including cooperation on a proposed plan and timetable for timely completing discovery, inclusive of exchanging interrogatory responses, deposition scheduling, privilege log exchanges, and collecting/producing documents in full compliance with the applicable discovery orders. However, when the Café again failed to meaningfully participate in the discovery process, Exhibition Hub sought to meet and confer per Rule 37 in preparation for seeking judicial assistance. Ultimately, those efforts were mooted when the defense sought to revisit settlement discussions. Ultimately, the parties reached a settlement in principle on December 16, 2024.

**Settlement**

Unfortunately, the Café's approach to settling the case did not meaningfully differ from its approach to threatening to litigate the case or litigating it. Specifically, in correspondence dated December 16, 2024, Van Gogh Café's counsel of record stated plainly as follows:

> "*My client has authorized me to accept your clients' offer of settlement, to wit:*
> 
> a. *The parties will enter into a written settlement agreement that provides for mutual releases and covenants not to sue (i.e., a walkaway); and*
> b. *In exchange for such consideration, the parties will enter into a Stipulation of Dismissal under Fed.R.Civ.P. 41(a)(2), with prejudice, each party to bear its own costs.*
> 
> *Please prepare and forward to me the documents that embody such settlement offer*."

Plaintiff can submit a copy of the full exchange for the Court's review upon request. In short, it will show that the parties discussed and ultimately agreed to a "walkaway," *i.e.*, terminating the action with prejudice without conferring any further rights or imposing any further obligations upon either party.

Thereafter, on December 19, 2024, a draft settlement agreement was timely tendered to Van Gogh Café's counsel, which—per the Café's request—"embod[ied] such settlement offer." *Id.* Having received no response, we followed up on December 30, 2024. Still without a response, we followed up again on January 3, 9, 15, 24, and 30, 2025. In the January 30, 2025 correspondence, we advised the Café's counsel that Exhibition Hub would seek judicial intervention if we received no response by February 7, 2025. The Café's counsel finally responded on February 4, 2025 proposing revised settlement terms, notably seeking to inject new terms contrary to the parties' agreed-upon walkaway, *e.g.*, purporting to impose restrictions upon Exhibition Hub's future conduct.

On February 10, 2025, we tendered a revised draft reflecting the parties' agreed-upon walkaway language. We followed up on February 19, 24, and 27, 2025. In the February 27, 2025 correspondence, we again advised that Exhibition Hub would seek judicial intervention if the parties did not make meaningful progress on the written agreement by March 3, 2025.

On March 3, 2025, Van Gogh Café's counsel responded by reneging on the settlement in principle reached in December 2024, stating that Van Gogh Café is "fully prepared to pursue this matter to a jury decision, if necessary, as they are fully confident that they will prevail in their claims against [Exhibition Hub], should [Exhibition Hub] decide not to accept the reinstatement and inclusion in the settlement Agreement of the terms set forth below," referring to provisions seeking to impose certain restrictions upon Exhibition Hub's future conduct. In response that same day, we asked to meet and confer with Van Gogh Café's counsel to discuss a briefing schedule for dispositive motions, given its counsel's assertion that it would pursue a merits decision in this matter, notwithstanding that the parties had already agreed to settle more than two-and-a-half months prior and further notwithstanding that discovery had already closed (fact on January 10, 2025; expert on March 31, 2025) without Van Gogh Café having ever responded to a single discovery request or otherwise meaningfully participated in discovery prior thereto. To be clear, Van Gogh Café has neither responded, nor objected, to any discovery requests in this case.

On March 7, 2025, Van Gogh Café's counsel acknowledged receipt of our request to meet and confer. However, since that email, we have followed up on March 11, 13, 14, 19, and 31, 2025, as well as on April 10, 2025. In that time, Van Gogh Café's counsel only acknowledged receipt once, on March 13, 2025, but the Café has otherwise failed to provide any manner of substantive response of any kind.

**Request for Judicial Assistance**

Your Honor's Individual Practices contemplate the Court's jurisdiction to enforce settlement agreements under certain circumstances. *See* Indiv. Prac., at § III.I. Having exhausted all reasonable attempts to resolve this matter without judicial intervention, Exhibition Hub respectfully requests that the Court address this situation by, *inter alia*, confirming the parties reached a settlement in principle in December 2024 (which the defense will presumably corroborate) and setting a deadline by which the parties must finalize a settlement agreement or face dismissal with prejudice and without costs to either party or the benefit of a formal settlement agreement.

Alternatively, as indicated above, discovery has closed in this matter and only a merits determination remains. Thus, if the Court determines this matter has not settled, Plaintiff requests a hearing to discuss the issuance of further scheduling orders, inclusive of dispositive motion practice. That is, notwithstanding that Van Gogh Café bears the burden of proof on *every* claim in this case (including Exhibition Hub's declaratory

Hon. Sanket J. Bulsara
April 17, 2025
Page 4 of 4

judgment claims), the Café has produced precisely *zero* evidence to support any claim. *See e.g., Now-Casting Econ., Ltd. v. Econ. Alchemy LLC*, 628 F. Supp. 3d 501, 515 (S.D.N.Y. 2022) (burden of proof), *aff'd,* No. 23-947, 2024 WL 2720235 (2d Cir. May 28, 2024); *Woodworth v. Erie Ins. Co.*, 743 F. Supp. 2d 201, 214 (W.D.N.Y. 2010) ("A party may not ordinarily defeat a summary judgment motion using information that was not disclosed during discovery." (citing Fed. R. Civ. P. 37(a)(1))).

Finally, the undersigned respectfully requests that a corporate representative of Van Gogh Café be ordered to attend the above-requested scheduling conference with the Court (even if telephonically) as the undersigned believes that the Café's responsiveness (or lack thereof) derives more from the Defendant than its counsel.

For the foregoing reasons, Exhibition Hub respectfully requests that the Court grant the relief requested herein.

Respectfully submitted,

Cameron S. Reuber

Cc: All counsel of record (via ECF)