# IntelleCtuLaw

## The Law Offices Of P.B. Tufariello, P.C.

P. B. Tufariello
pbtufariello@intellectulaw.com

25 Little Harbor Rd., Mount Sinai, New York 11766
Telephone (631) 476-8734 Fax (631) 476-8737

Specializing In Patents,
Trademarks, Copyrights,
And All Matters Related Thereto

Thursday, June 5, 2025

**VIA ECF**
Hon. Steven I. Locke
United States District Magistrate Judge, E.D.N.Y.
100 Federal Plaza, Courtroom 820
Central Islip, New York 11722

> Re: EXHIBITION HUB US HOLDING LLC.,
> v. VINCENT VAN GOGH CAFE LLC
> Case Number: 2:24-cv-0988(GRB)(SIL)
> Our File No.: 7360-4

Your Honor:

In the abovementioned matter, we represent Defendant VINCENT VAN GOGH CAFE LLC ("Defendant"). We submit the present letter in further support of Defendant's response (Doc. No. 22) to Plaintiff's April 17, 2025, letter to the Court (Dkt. #20), per the Court's May 11 and 13, 2025 Orders that Defendant do so, at least 48 hours before the conference of June 12, 2025.

## PROCEDURAL HISTORY

The plaintiff initiated the present suit on February 8, 2024.

On May 3, 2024, the court scheduled its first initial conference for May 28, 2024. The parties worked diligently, despite Defendant's counsel trip to Atlanta for the International Trademark Association Conference and on May 24, 2024 submitted their proposed Scheduling Order and Rule 26(f) Report (Doc. No. 14)

On May 28, 2024 the court so ordered the parties proposed Discovery deadlines (Doc. No. 16).

On May 31, 2024, both parties exchanged Mandatory Automatic Disclosure Statements, Interrogatories, and Requests for Documents. The Parties' responses to the Discovery demands were due on July 15, 2024. By mutual agreement, due to personal challenges that counsels on both sides were experiencing at the time, as well as Defendant's principal Jordan Weisz not being well due to Covid Vaccine complications in view of pre-existing Lyme disease, the parties agreed to extend their time to respond from July 15, 2024 to August 1, 2024, then to August 16, 2024, and then again to the end of August 2024.

On October 8, 2024, per the Court's Order of September 23, 2024, the Parties filed their Joint Letter Motion to Amend Discovery Schedule (Doc. No. 19), which the Court granted on October

INTELLECTULAW
THE LAW OFFICES OF P.B. TUFARIELLO, P.C.

Hon. Stephen I. Locke
CASE NUMBER: 2:24-cv-0988
June 5, 2025
Page 2

10, 2024. All fact discovery was to be completed by January 10, 2025. All expert discovery was to be completed by March 31, 2025.

However, on January 30, 2025, the matter was reassigned to Judge Sanket J. Bulsara. On February 1, 2025, the Court issued an order stating that "In light of the transfer of this case to Judge Bulsara, the 6/5/25 pretrial conference before Magistrate Judge Locke is adjourned without date."

The parties have only requested one Amendment to the Discovery Schedule to date.

## SETTLEMENT DISCUSSIONS

On October 10, 2024, the same day the Court granted the Parties' Joint Letter Motion to Amend the discovery schedule, the parties began serious settlement discussions. The parties' communications regarding settlement occurred on 10/10/2024, 10/23/2024, and 10/24/2024. Specifically, on October 24, 2024, the Defendant communicated a full offer of settlement.

Defendant followed up on its settlement offer on November 1, 2024. The parties discussed settlement again on November 26, 2024, and on December 5, 2024, the Plaintiff responded with a counteroffer. Thereafter, settlement communications continued on December 13, 2024.

On December 13, 2024, Defendant informed Plaintiff as follows:

> The parties will enter into a written settlement agreement that provides for mutual releases and covenants not to sue (i.e., a walkaway); and

> In exchange for such consideration, the parties will enter into a Stipulation of Dismissal under Fed. R. Civ. P. 41(a)(2), with prejudice, each party to bear its own costs.

> Please prepare and forward to me the documents that embody such settlement offer.

Settlement communications continued on 12/19/2024, 12/30/2024, 01/03/2025 (Defendant's counsel was in Europe from 01/06/2025-01/19/2025), 02/04/2025, and 02/10/2025. On December 19, 2024, Plaintiff forwarded the settlement documents that purported to contain the parties' understanding of the settlement. On February 4, 2025, Defendant returned the settlement documents with changes. On February 10, 2025, Plaintiff's counsel accepted some changes and rejected others. On February 19, 2025, Plaintiff provided Defendant with a new agreement. On March 3, 2025, Defendant requested certain modifications to the settlement agreement, which Plaintiff refused to make.

The only thing that prevents the settlement of the matter is Plaintiff's refusal to make the changes that Defendant requested.

INTELLECTULAW
THE LAW OFFICES OF P.B. TUFARIELLO, P.C.

Hon. Stephen I. Locke
CASE NUMBER: 2:24-cv-0988
June 5, 2025
Page 3

## EFFECT OF SETTLEMENT DISCUSSIONS ON DISCOVERY

As stated above, on October 10, 2024, the same day the Court granted the Parties' Joint Letter Motion to Amend the discovery schedule, the parties began serious settlement discussions. The parties have exchanged numerous settlement communications and a number of drafts of their proposed settlement agreement. Both parties have been so focused on settling their dispute that neither party has provided any responses to the outstanding discovery requests. Nor has either party made any motion to compel the other to respond to discovery requests.

## DISCUSSION

*a. With regard to Plaintiff's seeking to enforce the alleged settlement agreement:*

Based on the settlement discussions set forth above, it is clear that the parties have not had a mutual meeting of the minds. They never entered into an actual settlement agreement, one that could be enforced against either party. Alternatively, they have expressed a mutual commitment to a contract on agreed major terms, while recognizing the existence of open terms that remain to be negotiated. The parties bound themselves to a concededly incomplete agreement in the sense that they accept a mutual commitment to negotiate together in good faith in an effort to reach final agreement within the scope that has been settled in the preliminary agreement. While a party cannot demand performance under this type of an agreement, a party may demand "that his counterparty negotiate the open terms in good faith toward a final contract incorporating the agreed terms." *Arcadian Phosphates, Inc. v. Arcadian Corp.*, 884 F.2d 69, 71-73 (2d Cir. 1989).

*b. With regard to Defendant's seeking to extend discovery*

Discovery deadlines as set forth in the Court's Scheduling Order can be modified only for "good cause." Fed. R. Civ. P. 16(b)(4). In the present matter, there is good cause. The trial is not imminent. Plaintiff and Defendant bilaterally halted discovery because they were reaching for a settlement. Both parties served discovery requests. Neither Plaintiff nor Defendant filed motions to compel additional Discovery. Settlement discussions began concurrently with the new scheduling order's issuance on October 10, 2024. Defendant and Plaintiff were equally devoted to their pursuit of a settlement. Less than three months have passed since the close of discovery. Defendant's principal is periodically plagued with complications from his illness.While additional discovery regarding sales and depositions was foreseeable, the parties were so far along in their settlement discussions that it was highly unlikely that extension of discovery would be necessary. The additional discovery regarding sales and depositions would likely be fruitful for settlement discussions and would provide crucial evidence as to damages at the heart of this case. For these reasons, we submit that there is good cause to extend discovery, in the event the parties cannot settle, and such is respectfully requested.

INTELLECTULAW
THE LAW OFFICES OF P.B. TUFARIELLO, P.C.

Hon. Stephen I. Locke
CASE NUMBER: 2:24-cv-0988
June 5, 2025
Page 4

                                                  Respectfully Submitted,

                                                  *Panagiota Betty Tufariello*

                                                  Panagiota Betty Tufariello

PBT: dt

## **CERTIFICATE OF SERVICE**

      I, Panagiota Betty Tufariello, hereby certify that on Friday, June 6, 2025, I caused a true and correct copy of the foregoing Letter to the Honorable U.S. Magistrate Judge Locke to be filed and served via the Court's ECF system on all parties registered to receive notice and on the parties listed above in the manner indicated.

                                                /pbt/

                                                _____

                                                Panagiota Betty Tufariello, Esq.
                                                Intellectulaw
                                                The Law Offices of P.B. Tufariello, P.C.
                                                25 Little Harbor Road
                                                Mount Sinai, NY 11766
                                                Tel: (631) 476-8734
                                                Fax: (203) 476-8737
                                                pbtufariello@intellectulaw.com
                                                *Attorneys for the Defendant*